# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Norman Freeman, #13189-074, | ) C/A No. 0:07-3431-TLW-BM |
|                      Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| United States of America; | ) |
| R. Blocker M.D.; and | ) |
| Rosario, | ) |
|                      Defendants. | ) |
| _____ | ) |

This action was filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), as well as the Federal Tort Claims Act (FTCA). Plaintiff, an inmate of the Federal Bureau of Prisons, claims inadequate and/or indifferent medical care for a back ailment while he was housed at FCI- Edgefield.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 20, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 21, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.



Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on June 23, 2008. Defendants' motion is now before the Court for disposition.[1]

### Background and Evidence

Plaintiff alleges in his unverified Complaint[2] that he arrived at FCI-Edgefield on June 5, 2003, and that between June 5, 2003 and January 18, 2006 he was seen by medical staff for a variety of medical problems. Plaintiff was transferred to FCI-Atlanta on January 18, 2006.

Plaintiff alleges that during his period of incarceration at FCI-Edgefield the named Defendants "acted with an attitude of deliberate indifference to Plaintiff's serious medical needs, and negligence, in that they wantonly and obdurately failed to take precautionary measures regarding Plaintiff's serious medical needs." Plaintiff further alleges that the Defendant United States "breached its legal duty...by its failure to hire, train and/or supervise its employees regarding the proper diagnosis/evaluation/treatment to prevent injury to Plaintiff, which resulted in a mis-diagnos(sic) of a serious medical condition, and further causing severe pain and suffering, from lower back problems."

Plaintiff alleges that this conduct was engaged in by the Defendants Rosario, a medical administrator at FCI-Edgefield, and Blocker, a staff physician at FCI-Edgefield. However, the only specific allegations contained in the Complaint with respect to his medical claims is where Plaintiff alleges that the "Defendant's knew that Plaintiff had a serious medical need, suspected that

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, since the Plaintiff has filed an *unverified* complaint, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.



2

Plaintiff had Sciatics(sic), and when the test were returned negative, failed to order a MRI to determine the serious medical condition. Plaintiff was subsequent(ly) properly diagnosed with Sciatics after receiving a MRI after he was transferred to FCI-Atlanta." No further or more precise allegations concerning Plaintiff's condition or the actions taken by the Defendants are contained in the Complaint.

Plaintiff seeks monetary damages in his Complaint, to which he has attached numerous exhibits. These exhibits reflect Plaintiff's exhaustion of his administrative remedies within the prison system with respect to the medical care Plaintiff was receiving. Plaintiff has also included some documents from both FCI-Atlanta and FCI-Edgefield which reflect his medical diagnosis and treatment.

In support of summary judgment in the case, the Defendants have provided a copy of Plaintiff's medical records from the relevant time period. The Defendant Rex Blocker has also provided an affidavit wherein he attests that he is the Clinical Director at FCI-Edgefield, and that his duties include providing medical treatment to inmates as well as supervising medical staff who provide medical treatment to inmates. Blocker attests that during Plaintiff's period of incarceration at FCI-Edgefield he personally examined the Plaintiff for complaints of pain and numbness, and that Plaintiff also received overall medical care and treatment while at FCI-Edgefield for his sciatica symptoms. In addition to being placed in the chronic care clinic upon his arrival at FCI-Edgefield to be seen quarterly by a physician for his diabetes, Plaintiff's medical records also indicate that he was seen on numerous occasions for complaints of neck and left shoulder pain and loss of motion, for pain in his back and leg, as well as numbness in his right foot. The medical records also show that Plaintiff received x-rays as well as physical examinations, which generally reflected normal objective findings. Blocker attests that Plaintiff was at various times been assessed with muscle spasms and cervical spine pain, for which he received Tylenol. Plaintiff was also "educated" about



3

sciatica since he was exhibiting symptoms associated with sciatica, although tests were initially negative for this condition. Blocker attests that treatment options were explained to the Plaintiff, including surgery if medically indicated. Blocker attests that Plaintiff's medical records also reflect that he failed to show up for scheduled sick call appointments on several occasions, but that he was always given an appointment when requested.

Blocker attests that Plaintiff was provided with appropriate medical care for his pain and complaints of numbness in his right foot while at FCI-Edgefield, and that while an MRI was not taken until after Plaintiff's arrival at USP-Atlanta, the findings of that MRI only verified his [Blocker's] initial findings that Plaintiff was experiencing sciatica symptoms. Blocker attests that the recommendations made by the orthopaedic specialist on June 12, 2006 while Plaintiff was at USP-Atlanta were similar and/or the same as those given to the Plaintiff by Blocker on August 8, 2005, when he was initially evaluated. See generally Blocker Affidavit.

The Defendants have also provided an affidavit from Hector Lopez, a staff physician with the Federal Bureau of Prisons who is employed at USP-Atlanta. Lopez attests that he reviewed Plaintiff's chart on several occasions while he was at USP-Atlanta, where an MRI was performed. Plaintiff was also evaluated by an orthopaedist, who diagnosed him with spinal stenosis. Lopez attests that the orthopaedist's recommendations to the Plaintiff for his condition were the same or similar to the instructions given to Plaintiff while he was at FCI-Edgefield. Lopez further attests that Plaintiff was seen for a follow-up visit by the orthopaedist on July 31, 2006, at which time he recommended that Plaintiff undergo a serious of three lumbar epidural steroid injections, and that this treatment was subsequently implemented. However, on May 29, 2007, Plaintiff reported to the medical department complaining of pain and stating that his current pain medication was not working. Plaintiff was then prescribed new medication, and he thereafter continued to be seen by medical personnel at USP-Atlanta. See generally, Lopez Affidavit.



4

The Defendant Luisa Fuertes-Rosario has also provided an affidavit, wherein she attests that she is the Health Services Administrator (HSA) at FCI-Edgefield. Fuertes-Rosario attests that, although Plaintiff alleges in his Complaint that she failed to properly and correctly diagnose his medical condition while he was incarcerated at FCI-Edgefield, that she is not familiar with the Plaintiff. Fuertes-Rosario attests that, as the HSA, she is responsible for overseeing the administrative functions of the health services unit, including the medical records office, scheduling, ordering and pharmacy operations, but that she does not generally provide direct patient care unless under the supervision of the Clinical Director.  Fuertes-Rosario attests that she does not supervise the medical staff that provides medical care and treatment to inmates, nor do the medical records reflect that she ever provided direct care to the Plaintiff.    See generally, Fuertes-Rosario Affidavit.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.   Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



**I.**

**(Bivens Claim)**

With respect to Plaintiff's Bivens claim[3], the Defendants Blocker and Fuertes-Rosario are subject to suit in their individual capacities for damages. Liberally construed, Plaintiff is asserting his claim against these two Defendants in their individual capacities. Nevertheless, after review and consideration of the evidence presented in this case, the undersigned concludes that these Defendants are entitled to summary judgment on this claim.

In order to survive summary judgment on his Bivens claim for denial of medical care, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether either named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). Plaintiff has failed to present any such evidence to this Court.[4] Conversely, the Defendants have provided this Court with voluminous medical records showing that Plaintiff received continuous and ongoing treatment for his complaints and condition while at FCI-Edgefield, as well as thereafter. These medical records reflect that

---

[3] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

[4] Indeed, Plaintiff has failed to present *any* evidence whatsoever in support of his claim, other that the attachments to his complaint which, although unverified, have been reviewed by the undersigned. While these attachments do include several medical documents, none of these documents support Plaintiff's claim of deliberate indifference to his serious medical needs. To the contrary, they support Defendants' evidence showing that Plaintiff received medical care and treatment for his condition.



6

Plaintiff was provided with medication for pain, was seen and examined on numerous occasions for his complaints and that x-rays were taken, and that he received instructions on how to manage his pain. Further, a licensed physician who provided direct care to the Plaintiff as well as a second physician who has reviewed Plaintiff's overall medical records both attest that Plaintiff has been afforded continuing and adequate care for his medical complaints.

While Plaintiff may not agree with the extent and nature of the medical care he received while at FCI-Edgefield, he cannot simply allege in a conclusory fashion that he did not receive adequate medical care or attention, otherwise provide no supporting evidence, and expect to survive summary judgment. Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Plaintiff's own lay opinion that he should have been provided some different type of care or that other medical procedures should have been performed or ordered is not sufficient "evidence" to overcome the sworn affidavits of two licensed physicians. See Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; see also Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence, and contrary to the medical evidence on record, insufficient to defeat summary judgment on deliberate indifference claim].

The undersigned can discern no evidence of a constitutional violation or of any deliberate indifference to Plaintiff's serious medical needs in the evidence before this Court, and Plaintiff cannot simply rely on his conclusory claims and allegations to avoid dismissal of his case.



7

House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer, 511 U.S. at 837. Therefore, Plaintiff's Bivens claim for a violation of his constitutional rights based on the medical care he received at FCI-Edgefield should be dismissed.

## II.

### (Federal Tort Claim)

The FTCA waives sovereign immunity and allows suits against the United States for personal injuries caused by governmental employees acting within the scope of their employment.[5] Under this Act a plaintiff may recover monetary awards from the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope...of...employment." 28 U.S.C. § 1346(b). Whether any government employee was negligent is to be determined "in accordance with the law of the place where the act or omission occurred", in this case South Carolina. Id

In order to prove negligence in South Carolina, Plaintiff must prove by a preponderance of the evidence that 1) the Defendant had a legal duty of care; 2) the Defendant failed to discharge that duty; and 3) the Defendant's breach proximately caused him injury. Goode v. St. Stephens United Methodist Church, 494 S.E.2d 827, 834 (S.C. 1997); Hubbard v. Taylor, 529 S.E.2d

---

[5]In order to obtain relief in federal court under the FTCA, a litigant must first have exhausted their administrative remedies. See 28 U.S.C. § 2675; McNeil v. United States, 508 U.S. 106, 113 (1993) ["The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."]. The United States does not contest exhaustion of Plaintiff's administrative remedies with respect to his medical care claim, although it does dispute that Plaintiff exhausted what it contends is a separate tort claim concerning the alleged negligent hiring, training or supervising of medical staff. See Defendants' Memorandum in Support of Summary Judgment, at pp. 5-6.



8

549 (S.C.App. 2000). Plaintiff may show an affirmative legal duty of care to him arising from a statute if the plaintiff is a member of the class of persons the statute is intended to protect, and the essential purpose of the statute is to protect the plaintiff from the kind of harm he suffered. Rayfield v. South Carolina Dep't of Corrections, 374 S.E.2d 910, 914 (S.C.Ct.App. 1988). Here, an affirmative legal duty of care towards the Plaintiff does exist by virtue of 18 U.S.C. § 4042, which provides that the Bureau of Prisons "shall...provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States." However, after careful review of the evidence in this case, discussed herein supra, and consideration of the standards required to succeed on a tort claim in this Court, the undersigned does not find that Plaintiff has set forth evidence of a breach of that duty sufficient to survive the Defendant United States' motion for summary judgment.

Plaintiff is required to show negligence with reasonable certainty, not through mere conjecture, and he may not attempt to prove negligence through the doctrine of res ipsa loquitur. Eickhof v. Beard-Laney, 20 S.E. 2d 153, 154-155 (S.C. 1942); Crider v. Infinger Transportation Co., 148 S.E.2d 732, 735 (S.C.1966). However, as previously noted, the only "evidence" Plaintiff has presented are copies of his administrative forms as well as some copies evidencing the medical evaluations and treatments he received for his complaints. None of these documents establish that the Defendant United States failed to discharge its legal duty of care to the Plaintiff, nor has Plaintiff presented any evidence from any medical authority or any other probative evidence to support his claim that the Defendant breached its legal duty of care.

Conversely, the Defendants have submitted sworn affidavits from licensed physicians attesting that Plaintiff received appropriate medical care for his complaints, and have also submitted a voluminous medical file showing that Plaintiff repeatedly received medical care for his complaints. Plaintiff cannot survive a properly supported motion for summary judgment through speculative



allegations and conclusory claims unsupported by specific evidence to support those claims. <u>Crider</u>, 148 S.E.2d at 734-735; <u>Goode</u>, 494 S.E.2d at 834; Rule 56(e), Fed.R.Civ.P. [Party opposing summary judgment must respond to the motion with "specific facts showing there is a genuine issue for trial"]. Therefore, Plaintiff's medical claim asserted under the FTCA should also be dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 26, 2008



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



11